No. 90–5887. TEEL *v.* TENNESSEE. Sup. Ct. Tenn. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE MARSHALL joins, dissenting.

This case presents the question whether harmless-error analysis applies when a jury is not instructed on an essential element of the offense. Petitioner was convicted of first-degree murder for the rape and killing of Tara Stowe. During the guilt phase, the trial court charged the jury as to both premeditated murder and felony murder yet failed to give a definition of rape under state law. The jury returned a general verdict of guilty. On appeal, the Tennessee Supreme Court held that it was error to omit a definition of the felony alleged to support first-degree murder. 793 S. W. 2d 236, 249 (1990). The court further held that the omitted charge was so "fundamental in nature" that petitioner's failure to request a definition of rape at trial did not preclude a finding of error. *Id.*, at 249. After noting that "[t]he law is unsettled as to whether harmless error analysis is available when a trial court fails to instruct on an essential element of an offense," the court concluded that the omission of a rape instruction here was harmless beyond a reasonable doubt. *Id.*, at 249–250. The court reasoned that the evidence was sufficient to sustain a conviction on the properly instructed charge of premeditated murder and that the same jury received a complete instruction as to the elements

of rape as an aggravating circumstance during the sentencing phase. *Id.*, at 250. Having rejected this and numerous other contentions, the court affirmed the conviction and death sentence.

As the Tennessee Supreme Court noted, a conflict of authority exists concerning the availability of harmless-error analysis in this situation. Several Courts of Appeals have held that error resulting from a failure to give proper instructions on the essential elements of an offense cannot be harmless. *Hoover* v. *Garfield Heights Municipal Court*, 802 F. 2d 168, 175–179 (CA6 1986); *United States* v. *Howard*, 506 F. 2d 1131, 1133–1134 (CA2 1974); *United States* v. *Gaither*, 440 F. 2d 262, 264 (CADC 1971). Others have held that harmless-error analysis can apply. *Redding* v. *Benson*, 739 F. 2d 1360 (CA8 1984), cert. denied, 469 U. S. 1222 (1985); *Bell* v. *Watkins*, 692 F. 2d 999, 1004 (CA5 1982). The depth of this conflict underscores the importance of the question. Both considerations counsel for a grant of certiorari.