# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1998 SESSION

**FILED**

April 20, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **DAVID A. SCOTT, III,** | * | C.C.A. NO. 01C01-9709-CR-00400 |
| APPELLANT, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Thomas H. Shriver, Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction) |
| APPELLEE. | * | |

_____

For Appellant:

Robert J. Mendes
Stanton & Mendes, PLLC
Cummins Station, Suite 507
209 Tenth Avenue South
Nashville, TN 37203

For Appellee:

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Timothy Behan
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

Mary Hausman
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

**OPINION**

The petitioner in this case, David A. Scott, III, appeals the dismissal of his Petition for Post-Conviction Relief by the Criminal Court for Davidson County. On July 19, 1991, the petitioner was convicted in the Davidson County Criminal Court of aggravated rape and sentenced to sixteen years incarceration in the Tennessee Department of Correction. On February 11, 1993, this court affirmed the petitioner's conviction. State v. Scott, No. 01C01-9202-CR-00053, 1993 WL 31990 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1993). On February 12, 1996, the petitioner filed the instant Petition for Post-Conviction Relief.[1] Amended petitions were filed on August 5, 1996, and March 24, 1997. The trial court conducted a hearing on September 3, 1997, and, following the presentation of the petitioner's proof, dismissed the petition.

The petitioner appeals the trial court's dismissal of his petition and raises the following issues for our consideration:

1. Whether or not the indictment in his case was fatally defective due to the omission of the requisite mental state for aggravated rape, thereby violating the petitioner's rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 9 of the Tennessee Constitution.

2. Whether or not the jury instruction in his case was unconstitutional due to the omission of the requisite mental state, violating the petitioner's rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 6 and 8 of the Tennessee

---

[1] The petitioner simultaneously filed in the Criminal Court for Davidson County a Petition for the Writ of Error Coram Nobis pursuant to Tenn. Code Ann. § 40-26-105 (1997). However, this petition was not addressed by either the petitioner or the court at the post-conviction hearing on September 3, 1997, nor does the petitioner address this petition in this appeal.

Constitution.

3.  Whether or not the jury instruction concerning reasonable doubt violated the petitioner's rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 6 and 8 of the Tennessee Constitution.

4.  Whether or not the petitioner received ineffective assistance of counsel both at trial and on appeal in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 9 of the Tennessee Constitution.

Following a thorough review of the record and the parties' briefs, we affirm the judgment of the trial court.[2]

## I. Factual Background

The petitioner was convicted of aggravated rape, and, on direct appeal, this court summarized the evidence as follows:

> The victim at the time of the rape was a sixteen-year-old female. Both the victim and the appellant testified at trial. ... The victim testified that she had known the appellant before she came to his house in April 1990. She says that she was not romantically interested in the appellant. Appellant and the victim were drinking alcohol while sitting on the appellant's couch. When the victim turned her back, the appellant grabbed her and began removing her clothes. She testified that the appellant pushed her to the floor and penetrated her vaginally.
>
> At the time the rape was occurring, the telephone rang

---

[2] Tenn. Code Ann. § 40-30-211 (1997) provides that, upon the final disposition of every post-conviction petition, the court shall set forth in its order or a written memorandum of the case all grounds presented and shall state the findings of fact and conclusions of law with regard to each such ground. We note that the trial court in this case failed to fully comply with this statutory provision. Nevertheless, we conclude that the record, including the rulings of the court at the conclusion of the post-conviction hearing, is sufficient to effectuate meaningful appellate review. Rickman v. State, 972 S.W.2d 687, 692 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1997); Polk v. State, No. 01C01-9709-CC-00391, 1998 WL 321930, at *1 (Tenn. Crim. App. at Nashville, June 19, 1998).

and the appellant answered. The victim took the telephone away from the appellant to obtain help from whoever was on the line. The caller was William Peck, and the victim told Peck that she was being raped. The appellant took the phone away from her at that time.

> After the telephone call from Peck, the appellant raped the victim anally. After the second rape, as testified by the victim, the appellant allowed her to dress and leave his home.

> The appellant testified in his own behalf. He basically stated that the [vaginal] sex was consensual. [He denied engaging in anal intercourse with the victim]. He also testified that [he and the victim] had engaged in sexual contact before the incident in question.

Scott, No. 01C01-9202-CR-00053, 1993 WL 31990, at *1.


## II. Analysis

### A. The Indictment

Initially, the petitioner's argument concerning the adequacy of the *indictment* in his case is without merit. The petitioner argues that the indictment was defective due to the omission from the indictment of the requisite mental state.[3] The indictment underlying the petitioner's conviction reads as follows:

> David A. Scott, III on the 10th day of April, 1990, in Davidson County, Tennessee and before the finding of this indictment, did engage in unlawful sexual penetration of [the victim,] and David A. Scott, III caused bodily injury to [the victim] in violation of Tennessee Code Ann § 39-13-502, and against the peace and dignity of the State of Tennessee.[4]

---

[3] The petitioner raised this argument for the first time in his petition for post-conviction relief. However, the failure of an indictment to state a criminal offense can be raised at any time. Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998); State v. Walls, No. 01C01-9708-CC-00381, 1998 WL 644943, at *2 (Tenn. Crim. App. At Nashville, September 22, 1998).

[4] The original indictment in this case charged the petitioner in Counts 1 and 3 with aggravated rape and in Counts 2 and 4 with rape. On June 3, 1991, prior to the petitioner's trial and upon the State's motion, the trial court dismissed Counts 2 and 4, leaving two counts of aggravated rape, which the trial court renumbered as Counts 1 and 2. Both counts of aggravated rape contained identical language. However, as the court explained to the jury, Count 1 referred to the State's allegation of vaginal rape and Count 2 referred to the allegation of anal rape. At the conclusion of the trial, the jury deadlocked on Count 1 and convicted the appellant of Count 2.

4

The statute setting forth the offense of aggravated rape does not expressly require a culpable mental state, nor does the statute plainly dispense with that element. Tenn. Code Ann. § 39-13-502 (1989). Thus, pursuant to Tenn. Code Ann. § 39-11-301(c) (1989), proof of intent, knowledge or recklessness will sustain a conviction for aggravated rape. See State v. Jones, 889 S.W.2d 225, 229 (Tenn. Crim. App. 1994). For offenses such as aggravated rape which neither expressly require nor plainly dispense with a culpable mental state, our supreme court has articulated a three part test by which to evaluate the sufficiency of an indictment which fails to allege a mental state:

> (1) the language of the indictment must provide constitutionally adequate notice to the accused of the charge against which the accused must defend and must provide an adequate basis for entry of a proper judgment and protection from double jeopardy;
>
> (2) the form of the indictment must meet the requirements of Tenn. Code Ann. § 40-13-202; and
>
> (3) the mental state must be inferable from the conduct alleged in the indictment.

State v. Hill, 954 S.W.2d 725, 726-727 (Tenn. 1997). In Hill, 954 S.W.2d at 729, the court held that an indictment for aggravated rape, similar to the indictment in this case, sufficiently charged the offense of aggravated rape despite the omission of the requisite mental state of intent, knowledge, or recklessness. Applying Hill, we conclude that the indictment in the petitioner's case adequately charged the offense of aggravated rape.

**B. Jury Instruction on Aggravated Rape**

The petitioner additionally challenges the trial court's instruction to the jury on aggravated rape, arguing that the trial court erroneously omitted the requisite mental state of intent, knowledge, or recklessness from its instruction. The State

5

responds that the petitioner has waived this issue by failing to raise it on direct appeal and cannot raise this issue in the guise of an allegation of ineffective assistance of counsel. Moreover, in addressing the merits of the petitioner's argument, the State simply relies upon State v. Hill, 954 S.W.2d at 725.

**i. Waiver**

Post-conviction relief is generally not available to litigate issues that have been waived. Tenn. Code Ann. § 40-30-206(f) (1997). A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. Id. at (g). There is a rebuttable presumption that a ground for relief not raised in any such proceeding is waived. This presumption is not overcome by an allegation that the petitioner did not personally (i.e., knowingly and understandingly) waive a ground for relief. House v. State, 911 S.W. 2d 705, 714 (Tenn. 1995). Waiver is determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney. Id.

Initially, the petitioner failed to object to the jury instructions at the time of trial. It is well established in Tennessee that, generally, a failure to object to the omission of a jury instruction waives that issue for appellate review. State v. Reece, 637 S.W.2d 858, 861 (Tenn. 1982). See also State v. Haynes, 720 S.W.2d 76, 85 (Tenn. Crim. App. 1986); State v. Stigall, No. 02C01-9610-CR-00371, 1998 WL 3340, at *1 (Tenn. Crim. App. at Jackson, January 7, 1998). Moreover, Tenn. R. App. P. 36(a) provides: "Nothing in this rule shall be construed as requiring relief to be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." The jury instruction issue is waived as an independent ground for relief.

6

### ii. Ineffective Assistance of Counsel

However, the petitioner also contends that his trial and appellate counsel were ineffective in failing to challenge the jury instruction on aggravated rape. The petitioner cannot raise the ineffective assistance of his *trial* counsel in these post-conviction proceedings. Just as post-conviction relief is not available to litigate issues that have been waived, it is similarly unavailable to litigate issues that have been previously determined. Tenn. Code Ann. § 40-30-206(f). Following his trial, the petitioner retained new counsel to argue his motion for new trial. At the hearing on the motion for new trial, the petitioner raised the claim of ineffective assistance of counsel and presented evidence in support thereof. The trial court denied the petitioner's motion.[5] The petitioner did not raise this issue again until the filing of the instant petition.

We conclude that the issue of ineffective assistance of counsel at trial was previously determined by the trial court.[6] Additionally, the petitioner waived his right to appeal the trial court's determination by failing to raise this issue on direct appeal. We acknowledge that this court has frequently remarked that the practice of raising ineffective assistance of counsel claims on direct appeal is a practice "fraught with peril." See, e.g., State v. Frantz, No. 03C01-9509-CC-00269, 1998 WL 46432, at *9 (Tenn. Crim. App. at Knoxville, February 6, 1998), perm. to appeal denied, (Tenn. 1998); State v. Brewer, No. 02C01-9701-CC-00400, 1998 WL 749417, at *2 (Tenn. Crim. App. at Jackson, October 28, 1998); State v. Beard, No. 03C01-9502-CR-00044, 1996 WL 563893, at *2 (Tenn. Crim. App. at Knoxville,

---

[5] In accordance with this court's order of May 8, 1998, we have taken judicial notice of the record in the direct appeal as deemed necessary, including the transcript of the hearing on the petitioner's motion for new trial.

[6] Our conclusion applies to any and all factual allegations of ineffective assistance of counsel. Ineffective assistance of counsel is a single ground for relief. Thompson v. State, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997); Cone v. State, 927 S.W.2d 579, 582 (Tenn. Crim. App. 1995).

September 26, 1996); State v. Sluder, No. 1236, 1990 WL 26552, at *7 (Tenn. Crim. App. at Knoxville, March 14, 1990). However, in contrast to the cases cited above, the petitioner in this case raised the issue of ineffective assistance of counsel in his motion for new trial, and the trial court conducted an evidentiary hearing in order to address the merits of the issue. See, e.g., State v. Tolbert, No. 03C01-9707-CR-00325, 1998 WL 694931 (Tenn. Crim. App. at Knoxville, October 7, 1998). Thus, the issue was ripe for determination on direct appeal.

The petitioner also challenges the effectiveness of his appellate counsel, who represented him both at the motion for new trial hearing and on direct appeal, for failing to challenge the trial court's instruction on aggravated rape. His challenge concerning his appellate counsel remains viable.[7] In this context, we must determine whether appellate counsel's failure to raise this issue was below the range of competence demanded of attorneys in criminal cases, Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and whether this failure was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-697, 104 S.Ct. 2052, 2064-2069 (1984). See also Powers v. State, 942 S.W.2d 551, 557 (Tenn. Crim. App. 1996). Because the petitioner must establish both ineffective performance and prejudice in order to prevail on a claim of ineffective assistance of counsel, a court need not evaluate counsel's performance if the petitioner does not establish prejudice. Henly v. State, 960 S.W.2d 572, 580 (Tenn. 1997), cert. denied, __ U.S. __, 119 S.Ct. 82 (1998). In order to ascertain if appellate counsel's performance was prejudicial, we must address the merits of the issues neglected by appellate counsel on appeal, including

---

[7] The petitioner also challenges the effectiveness of his appellate counsel in failing to challenge the petitioner's indictment; in failing to challenge the trial court's reasonable doubt instruction; and in failing to challenge the effectiveness of trial counsel in neglecting to request a jury instruction on consent. We have already concluded that the indictment was sufficient in this case. Later in this opinion, we address the additional grounds for relief alleged by the petitioner.

whether or not the aggravated rape jury instruction was erroneous. [8]

### iii. The Merits

The trial court's instruction to the jury on aggravated rape in fact

omitted the requisite mens rea or mental element of intent, knowledge, or

recklessness. Instead, the trial court instructed the jury as follows:

> I shall now explain to you what in law it takes to constitute the offense of aggravated rape as charged in Counts One and Two of the indictment in this case.
>
> Section 39-13-502 of the Tennessee Code Annotated provides as follows:
> "(a) Aggravated rape is unlawful sexual penetration of a victim by the defendant or the defendant by a victim accompanied by ... the following circumstances
> (2)The defendant causes bodily injury to the victim."
>
> Any person who commits the offense of aggravated rape is guilty of a felony.
> For you to find the defendant guilty of this offense, the state must prove beyond a reasonable doubt the existence of the following essential elements:
> (1) that the defendant had unlawful sexual penetration of the alleged victim.[9]
> (2) that:
> (a) the defendant caused bodily injury to the alleged victim ... .

(Footnote added).

Our supreme court requires a review of the jury charge in its entirety in

---

[8] The State cites Overton v. State, 874 S.W.2d 6, 12 (Tenn. 1994), for the proposition that "to allow every error committed by the trial court to be recast in a post-conviction petition as an ineffective assistance of counsel allegation would be to subvert the limited purposes of the post-conviction procedure." However, we read this observation as merely a reminder that every prejudicial error committed by a trial court is not attributable to the ineffective assistance of counsel.

[9] The trial court further charged the jury that "[s]exual penetration means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however, slight, of any part of a person's body or of any object into the genital or anal openings of the alleged victim's, the defendant's, or any other person's body, but emission of semen is not required."

order to determine if instructions are erroneous. State v. Hodges, 944 S.W.2d 346, 352 (Tenn.), cert. denied, __ U.S. __, 118 S.Ct. 567 (1997). A charge is prejudicial error if "it fails to fairly submit the legal issues or if it misleads the jury as to the applicable law." Id. A defendant has a constitutional right to a correct and complete charge of the law. State v. Forbes, 793 S.W.2d 236, 249 (Tenn. 1990). In other words, a defendant has a right to have every issue of fact raised by the evidence and material to his or her defense submitted to the jury on proper instructions. State v. Robinette, No. 03C01-9611-CR-00430, 1997 WL 671889, at * 3 (Tenn. Crim. App. at Knoxville, October 29, 1997). Accordingly, our law requires that all of the elements of each offense be described and defined in connection with that offense. State v. Cravens, 764 S.W.2d 754, 756 (Tenn. 1989). See also State v. Garrison, No. 03C01-9702-CC-00047, 1998 WL 103318, at *19 (Tenn. Crim. App. at Knoxville, February 27, 1998), perm. to appeal granted, (Tenn. 1998). Thus, in 1992, the drafters of the Tennessee Pattern Jury Instructions noted that, for the charge of aggravated rape, the definitions of intent, knowledge, and recklessness should all be charged to the jury. T.P.I. Crim. No. 10.01, Comments (3rd Ed. 1992). Moreover, in State v. Jones, 889 S.W.2d at 229, this court held that the statutory language in Tenn. Code Ann. § 39-11-301 requires that the mental elements of intent, knowledge, and recklessness should be charged to the jury in an aggravated rape case.

The State cites State v. Hill, 954 S.W.2d at 725, for the proposition that the jury instruction on aggravated rape in this case was correct. However, the supreme court in Hill addressed only the language necessary in an indictment to inform the accused of the charge and specifically distinguished the requirements for an indictment from the requirements for conviction. Id. at 728. Accordingly, although the supreme court concluded that the required mental state for aggravated

10

rape was not an "essential element" for purposes of an indictment, it took pains to clarify that the essential elements of an indictment might not be identical to the essential elements requisite in jury instructions. Thus, the supreme court noted, "Any confusion may be due, at least in part, to the loose usage of the phrase 'essential elements', which can mean the elements necessary for conviction or the elements necessary to inform the accused of the charge." Id. at 728 n. 4.

The trial court noted at the post-conviction hearing that the pattern jury instructions available at the time of trial did not set forth the requisite mens rea for the offense of aggravated rape. T.P.I. Crim. No. 25.01 (2nd Edition 1988). However, the pattern instruction relied upon by the trial court was modeled upon a statute no longer in effect at the time of the commission of the petitioner's offense. Moreover, the pattern instruction used by the trial court *did* require the use of force or coercion to accomplish the act. Id. At least one court has noted that " a finding by a jury based upon the behavior of the defendant and the victim in a rape case that the sexual encounter was against the will, or without the consent of, the victim of necessity implies a finding of general intent without a separate instruction on that issue." Commonwealth v. Lefkowitz, 481 N.E.2d 227, 231 n.12 (Mass. Ct. App. 1985). Yet, the trial court in this case omitted the language concerning force or coercion from its instructions on aggravated rape.[10] Moreover, as pointed out by the petitioner, no instruction on the defense of consent was given to the jury.[11]

Accordingly, we conclude that the trial court's omission constituted error. We must next address the application of harmless error analysis in the

[10] The trial court's instruction on the lesser included offense of rape did require the use of force or coercion.
[11] Of course, with respect to the count of anal rape, of which the petitioner was convicted, the petitioner did not rely on the defense of consent, but rather denied that he engaged in anal intercourse with the victim.

context of a trial court's omission from the jury instructions of an essential element of the charged offense. In State v. Teel, 793 S.W. 2d 236, 249 (Tenn.), cert. denied, 498 U.S. 1007, 111 S. Ct. 571 (1990), our supreme court noted that the law is unsettled as to whether harmless error analysis is available in this context. In that case, the trial court instructed the jury on first degree premeditated murder and on felony murder. Id. at 249-250. The jury returned a general verdict of "murder in the first degree" and sentenced the defendant to death. Id. On appeal, the defendant challenged the trial court's instruction on first degree murder "because it included a partial definition of felony murder, i.e., the instruction tracked the statutory language … , but did not define for the jury the felony upon which the first degree murder conviction could be based, here rape." Id. at 249. The court concluded that it was erroneous for the trial court to omit a definition of the felony alleged to support the first degree murder. Id. Nevertheless, the court concluded:

> In the present case the jury returned a verdict that the Defendant was "guilty of murder in the first degree." The jury was completely and correctly instructed as to the elements of first degree, common-law, premeditated murder, and the evidence is clearly sufficient to support a conviction of this charge. Also, at the sentencing phase, without the presentation of any evidence additional to that presented at the guilt phase, the same jury was fully instructed on the elements of rape in connection with aggravating circumstance (I) (7) and in its sentencing decision, only a short time after its decision as to guilt, expressly found beyond a reasonable doubt that the murder had been committed in the perpetration of rape. For these reasons, we are of the opinion that the omission of the definition of rape in the first degree murder charge, in the unique circumstances and total context of this case, is harmless error beyond a reasonable doubt.

Id. at 250. The court determined, in effect, that the jury's verdicts at both the guilt and sentencing phases of the defendant's trial encompassed the omitted element so that the defendant was not deprived of his right to a trial by jury.

More recently, in State v. James, No. 03C01-9408-CV-00276, 1995 WL 548788, at *3 (Tenn. Crim. App. At Knoxville, September 18, 1995), this court also queried whether or not harmless error analysis is appropriate in the context of a complete failure to instruct the jury on an aspect of an essential element of the charged offense. In that case, the judge failed to instruct the jury that the essential elements of robbery include the need for the property to be taken "from the person of another." Id. This court reversed the defendant's conviction, citing Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078 (1993).

In Sullivan, the United States Supreme Court acknowledged that most constitutional errors are amenable to harmless error analysis but also reiterated that there exists a class of "structural" errors which render a trial fundamentally unfair and require automatic reversal of a conviction. Id. at 280, 2082-2083 (citing Arizona v. Fulminante, 499 U.S. 279, 306-309, 111 S.Ct. 1246, 1263-1265 (1991)). See also Rose v. Clark, 478 U.S. 570, 577-578, 106 S.Ct. 3101, 3105-3106 (1986). Thus, the Court held that a constitutionally deficient reasonable doubt instruction cannot be harmless. Id. at 279, 2081-2082. Justice Scalia, writing for the Court in Sullivan, explained, "[T]o hypothesize a guilty verdict that was never in fact rendered – no matter how inescapable the findings to support that verdict might be – would violate the appellant's Sixth Amendment right to a jury trial." Id. In other words, when the jury has not been permitted to find an essential element of an offense beyond a reasonable doubt, that error cannot be cured by an appellate court's determination that the record evidence unmistakably established guilt. Carella v. California, 491 U.S. 263, 269, 109 S.Ct. 2419, 2422-2423 (1989).

Yet, more recently, in California v. Roy, 519 U.S. 2, __, 117 S.Ct. 337, 339 (1996)(per curiam), the United States Supreme Court suggested that jury

instructions that incompletely set forth an element of an offense might not always constitute structural errors that defy analysis by harmless error standards. In that case, a California court convicted the defendant of robbery and first degree murder on the theory that the defendant came to the aid of a confederate, who robbed and killed the victim. Id. at __, 337. The trial court failed to instruct the jury that the defendant must have had the "'*intent or purpose* of committing, encouraging, or facilitating' the confederate's crime." Id. at __, 338. Significantly, the majority declined to join in Justice Scalia's concurring opinion in which he opined that the absence of a formal verdict on an essential element of a crime "can be harmless only if the jury verdict on other points effectively embraces [the omitted element] or if it is impossible, upon the evidence, to have found what the verdict did find without finding [the omitted element] as well." Id. at __, 339-340.

In Johnson v. United States, 520 U.S.461, __, 117 S.Ct. 1544, 1548-1550 ( 1997), a perjury case, the trial court failed to submit "materiality," an essential element of perjury, to the jury. Id. at __, 1547. The Court acknowledged that the omission was error, but declined to review the error pursuant to the doctrine of plain error. Id. at ___, 1549-1550. Crucial to the issue before our court was the Supreme Court's observation that it was "by no means clear" that the error fit within the limited class of cases which defy harmless error analysis. Id.

At least one state supreme court, in interpreting these Supreme Court cases, has concluded that instructional errors removing an element of the charged offense from the jury's consideration are not, as a general matter, structural defects in the trial mechanism that automatically require reversal under the federal constitution. People v. Flood, 957 P.2d 869, 887 (Cal. 1998). See also Beets v. Iowa Department of Corrections Services, 164 F.3d 1131, 1136 (8th Cir. 1999)(the

omission from jury instructions of an intent element essential under state law may present a "trial error" to which harmless error analysis may be applied);  United States v. Perez, 116 F.3d 840, 847 (9th Cir.  1997)(the omission of an essential element of the charged offense from jury instructions is not presumptively prejudicial; even if the essential element is not specifically mentioned in the jury instructions it remains possible that a jury made the necessary findings).

We conclude that, even applying the standard set forth by Justice Scalia in California v. Roy, 519 U.S. at __, 117 S.Ct. at 339-340, it was impossible, upon the evidence in this case, for the jury to have returned a verdict of guilt without also finding that the petitioner intended to commit aggravated rape.   At trial, the jury was presented with two scenarios from which to choose.  The petitioner claimed that the victim consented to vaginal intercourse and denied that he and the victim engaged in anal intercourse.  The victim claimed, instead, that she was not interested in the petitioner romantically, and that she visited the petitioner's home on the day of the offense only in order to ask that he stop calling her.  She admitted that both she and the petitioner drank alcohol during their encounter.  However, she further testified:

> [H]e came from behind me and grabbed me and took off my clothes.  So I grabbed a pillow and tried to cover myself up.  He grabbed me and threw me on the floor and got on top of me and he penetrated me vaginally. And I was screaming and I was yelling and I was telling him to stop … .
>
> So then, the phone rang and he got up to answer it.  … And I grabbed the phone and ran into the bathroom … .
>
> And [the petitioner] pushed in the door … .  I ran into the living room and put on my shorts and he ran back in after me and tore my shorts off and threw me back down on the carpet.  And he penetrated me anally … .
>
> I tried to get away and I couldn't.  I bit him on the neck as hard as I could and it didn't do anything.

15

The jury, in returning a guilty verdict, at least partially accredited the testimony of the victim. In accrediting the victim's testimony, the jury necessarily found that the petitioner acted with the requisite mental state. Accordingly, this is *not* a case in which a jury verdict on the petitioner's mental state was never rendered. We conclude that any error in the jury instruction was harmless beyond a reasonable doubt. Moreover, we conclude in this context that appellate counsel's failure to raise this issue on appeal did not affect the result of the proceedings in this case.

## C. Additional Allegations of Ineffective Assistance of Appellate Counsel

The petitioner also challenges the effectiveness of appellate counsel in neglecting to raise trial counsel's failure to request a jury instruction on consent. However, as noted earlier, with respect to the count of anal rape underlying the petitioner's conviction, the petitioner did not rely upon the defense of consent. Rather, he denied engaging in anal intercourse with the victim. Accordingly, we must conclude that an instruction on consent would not have affected the outcome of these proceedings, and the petitioner's argument is without merit.

Moreover, we decline to find ineffective assistance of appellate counsel in his failure to challenge the trial court's jury instruction on reasonable doubt either in the petitioner's Motion for New Trial or on direct appeal.[12] The reasonable doubt instruction in this case was correct. The petitioner argues that,

---

[12] The petitioner also raises this issue separately from the issue of ineffective assistance of counsel. Yet, as pointed out by the petitioner, he failed to raise this issue in his Motion for New Trial or on direct appeal. Moreover, the petitioner failed to object to the instruction at trial. In any event, as we subsequently conclude, the instruction did not constitute error, plain or otherwise.

because the jurors were instructed that "moral certainty is required as to every element of the offense," the State's burden of proof was diminished. The trial court stated the following instruction on reasonable doubt to the jury:

> Reasonable doubt is doubt based upon reason and common sense. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs. A reasonable doubt is not a caprice or a whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. Reasonable doubt is a high burden, but it does not mean proof to an absolute certainty. While absolute certainty of guilt is not demanded by the law to convict of any criminal charge, moral certainty is required as to every element of the offense. Your mind must rest easily as to the certainty of guilt.

The petitioner cites Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328 (1990), and Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239 (1994), in support of his argument. However, the Court in Cage v. Louisiana, 498 U.S. at 41, 111 S.Ct. at 329, was primarily concerned with the phrases "grave uncertainty" and "actual substantial doubt," neither of which was used in this case. Moreover, in Victor v. Nebraska, 511 U.S. at 5-6, 114 S.Ct. at 1243, the Court confirmed that use of the phrase "moral certainty" does not per se vitiate a reasonable doubt instruction.

Moreover, as both the State and the trial court remarked, our supreme court in State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), held that use of the phrase "moral certainty" by itself is insufficient to invalidate an instruction on the meaning of reasonable doubt. See also State v. Pettyjohn, 885 S.W.2d 364, 365-366 (Tenn. Crim. App. 1994)(instruction including the "moral certainty" phrase sufficiently described the degree of doubt necessary for acquittal and the degree of

17

proof necessary for conviction).  We are bound to follow the precedent of our state's supreme court, and not the federal district court rulings cited by the petitioner.  King v. State, No. 01C01-9710-CR-00487, 1998 WL 712345, at *4 n.7 (Tenn. Crim. App. at Nashville, October 13, 1998).  Moreover, the United States Sixth Circuit Court of Appeals recently held that an instruction similar to the instruction at issue in this case was constitutional.  Austin v. Bell, 126 F.3d 843, 846-847 (6th Cir. 1997), cert. denied, __ U.S. __, 118 S.Ct. 1526 (1998), and cert. denied, __ U.S. __, 118 S.Ct. 1547 (1998).  The court observed that the language of an "inability to let the mind rest easily," also used in the instant case, lent content to the phrase "moral certainty," increasing, if anything, the State's burden of proof.  Id. at 847.  This issue is without merit.

### III.  Conclusion

For the foregoing reasons, we affirm the judgment of the trial court dismissing the petition for post-conviction relief.

_____
Norma McGee Ogle, Judge

CONCUR:

_____
John H. Peay, Judge


_____
Joseph M. Tipton, Judge