ADOLPHO A. BIRCH, Jr., J.,
dissenting.
In a line of dissents beginning with State v. Chalmers, I have repeatedly emphasized my belief that Tennessee’s comparative proportionality review protocol is inadequate and must be reformed. 28 S.W.3d 913, 923-25 (Tenn.2000) (Birch, J., concurring and dissenting); see also, e.g., State v. Carruthers, 35 S.W.3d 516, 581-82 (Tenn.2000) (Birch, J., concurring and dissenting); State v. Keen, 31 S.W.3d 196, 233-34 (Tenn.2000) (Birch, J., concurring and dissenting). I have pointed out three shortcomings of the current protocol: “the ‘test’ we employ [for comparative proportionality review] is so broad that nearly any sentence could be found proportionate; our review procedures are too subjective; and the ‘pool’ of cases which are reviewed for proportionality is too small.” Chalmers, 28 S.W.3d at 923 (Birch, J., concurring and dissenting). These flaws, in my view, must be corrected if this Court is to provide genuine assurance that disproportionate sentences of death will not be upheld. I adhere to the views I have expressed in these previous cases.
As I have stated before in the context of other dissents, “I am unwilling to approve of results reached through the use of a procedure with which I cannot agree.” See Coe v. State, 17 S.W.3d 193, 248-49 (Tenn.2000) (Birch, J., dissenting). To date, the majority has made no discernible effort to correct the flaws in our comparative proportionality review protocol. Therefore, I dissent from the Court’s decision to impose the death penalty in this case.
APPENDIX
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
FEBRUARY SESSION, 2000
STATE OF TENNESSEE, Appellee, vs. JOHN DAVID TERRY, Appellant.
DAVIDSON COUNTY
Hon. J. Randall Wyatt, Jr., Judge
(Premeditated First Degree Murder)

*168
For the Appellant:

Brock Mehler
Michael E. Terry
Nashville, TN

For the Appellee:

Michael E. Moore
Solicitor General
Tonya G; Miner
Assistant Attorney General Criminal Justice Division
Victor S. (Torry) Johnson III
District Attorney General
John Zimmerman
Asst. District Attorney General
Nashville, TN
AFFIRMED
DAVID G. HAYES, Judge.

OPINION

The appellant, John David Terry, appeals as of right, his punishment of death by electrocution. In 1989, the appellant was convicted by a Davidson County jury of the premeditated murder of James Matheney and was sentenced to death. At the motion for new trial, the trial court affirmed the appellant’s conviction but, finding that it had erroneously charged an invalid aggravating circumstance, granted a new sentencing hearing.[1] The State appealed this decision and our supreme court affirmed the action of the trial court.[2] See State v. Terry, 813 S.W.2d 420 (Tenn.1991). The appellant’s case was remanded to the Criminal Court of Davidson County for re-sentencing. At the conclusion of the re-sentencing hearing in August 1997, the jury found the presence of two aggravating circumstances, i.e., (1) that the murder was especially heinous, atrocious or cruel, Tenn.Code Ann. § 39-2-203(0(5) (1982) ('repealed 1989), and (2) that the murder was committed for the purpose of avoiding, interfering with, or preventing a lawful arrest or prosecution, Tenn.Code Ann. § 39 — 2—203(i)(6).[3] The jury further determined that the mitigating circumstances did not outweigh the aggravating circumstances and imposed a sentence of death by electrocution. The trial court approved the sentencing verdict. The appellant appeals presenting for our review the following issues:
I. Whether the heinous, atrocious, cruel aggravating circumstance, Tenn.Code Ann. § 39-2-203(0(5), is unconstitutionally vague;
II. Whether the evidence is sufficient to support application of the heinous, atrocious, cruel aggravating circum *169 stance, Tenn.Code Ann. § 39-2-203(i)(5);
III. Whether Tenn.Code Ann. § 39-2-203(i)(6), murder perpetrated to avoid prosecution, is unconstitutionally vague;
IV. Whether the evidence is sufficient to support application of aggravating circumstance Tenn.Code Ann. § 39-2-203(i)(6), that the murder was perpetrated to avoid prosecution;
V. Whether prosecutorial misconduct during closing argument affected the verdict to the prejudice of the appellant;
VI. Whether Tennessee’s death penalty statutes, Tenn.Code Ann. § 39-2-203 and § 39-2-205 are constitutional; and
VII. Whether the jury imposed an arbitrary and disproportionate sentence.
After review, we find no error of law requiring reversal. Accordingly, we affirm the jury’s imposition of the sentence of death in this case.
Factual Background [DELETED]
Proof at the August 1997 Re-sentencing Hearing [DELETED]
I. Imposition of Aggravator (i)(5) [DELETED]
II. Imposition of Aggravator (i)(6) [DELETED]
III. Prosecutorial Misconduct [DELETED]
IV. Constitutional Challenges to Death Penalty
The appellant raises numerous challenges to the constitutionality of Tennessee’s death penalty provisions. The appellant concedes that these issues have been previously rejected by the Tennessee Supreme Court, however, he raises these challenges to preserve them for future appellate review. Specifically, included within his challenge that the Tennessee death penalty statutes violate the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 8, 9, 16, and 17, and Article II, Section 2 of the Tennessee Constitution are the following:
1. Tennessee’s death penalty statutes fail to meaningfully narrow the class of death eligible defendants, specifically, the statutory aggravating circumstances set forth in Tenn.Code Ann. § 39-2-203(i)(2), (i)(5), (i)(6), and (i)(7) have been so broadly interpreted whether viewed singly or collectively, fail to provide such a “meaningful basis” for narrowing the population of those convicted of first degree murder to those eligible for the sentence of death.[14] This argument has been rejected by our supreme court. See State v. Vann, 976 S.W.2d 93, 117 118 (Tenn.1998) (Appendix), cert. denied, 526 U.S. 1071, 119 S.Ct. 1467, 143 L.Ed.2d 551 (1999); State v. Keen, 926 S.W.2d 727, 742 (Tenn.1994).
2. The death sentence is imposed capriciously and arbitrarily in that
(a) Unlimited discretion is vested in the prosecutor as to whether or not to seek the death penalty. This argument has been rejected. See State v. Hines, 919 S.W.2d 573, 582 (Tenn.1995), cert. denied, 519 U.S. 847, 117 S.Ct. 133, 136 L.Ed.2d 82 (1996).
(b) The death penalty is imposed in a discriminatory manner based upon economics, race, geography, and gender. This argument has been rejected. See Hines, 919 S.W.2d at 582; State v. Brimmer, 876 S.W.2d 75, 87 (Tenn.), cert. denied, 513 U.S. 1020, *170 115 S.Ct. 585, 130 L.Ed.2d 499 (1994); Cazes, 875 S.W.2d at 268; State v. Smith, 857 S.W.2d 1, 23 (Tenn.), cert. denied, 510 U.S. 996, 114 S.Ct. 561, 126 L.Ed.2d 461 (1993).
(c) There are no uniform standards or procedures for jury selection to insure open inquiry concerning potentially prejudicial subject matter. This argument has been rejected. See State v. Caughron, 855 S.W.2d 526, 542 (Tenn.), cert. denied, 510 U.S. 979, 114 S.Ct. 475, 126 L.Ed.2d 426 (1993).
(d) The death qualification process skews the make-up of the jury and results in a relatively prosecution prone guilty-prone jury. This argument has been rejected. See State v. Teel, 793 S.W.2d 236, 246 (Tenn.), cert. denied, 498 U.S. 1007, 111 S.Ct. 571, 112 L.Ed.2d 577 (1990); State v. Harbison, 704 S.W.2d 314, 318 (Tenn.), cert. denied, 476 U.S. 1153, 106 S.Ct. 2261, 90 L.Ed.2d 705 (1986).
(e) Defendants are prohibited from addressing jurors’ popular misconceptions about matters relevant to sentencing, i.e., the cost of incarceration versus cost of execution, deterrence, method of execution. This argument has been rejected. See Brimmer, 876 S.W.2d at 86 87; Cazes, 875 S.W.2d at 268; Black, 815 S.W.2d at 179.
(f) The jury is instructed that it must agree unanimously in order to impose a life sentence, and is prohibited from being told the effect of a non-unanimous verdict. This argument has been rejected. See Brimmer, 876 S.W.2d at 87; Cazes, 875 S.W.2d at 268; Smith, 857 S.W.2d at 22 23.
(g) Requiring the jury to agree unanimously to a life verdict violates Mills v. Maryland and McKoy v. North Carolina. This argument has been rejected. See Brimmer, 876 S.W.2d at 87; Thompson, 768 S.W.2d at 250; State v. King, 718 S.W.2d 241, 249 (Tenn.1986), superseded by statute as recognized by, State v. Hutchison, 898 S.W.2d 161 (Tenn.1994).
(h) The jury is not required to make the ultimate determination that death is the appropriate penalty. This argument has been rejected. See Brimmer, 876 S.W.2d at 87; Smith, 857 S.W.2d at 22.
(i) The defendant is denied final closing argument in the penalty phase of the trial. This argument has been rejected. See Brimmer, 876 S.W.2d at 87; Cazes, 875 S.W.2d at 269; Smith, 857 S.W.2d at 24; Caughron, 855 S.W.2d at 542.
3. Death by electrocution constitutes cruel and unusual punishment. This argument has been rejected. See Black, 815 S.W.2d at 179; see also Hines, 919 S.W.2d at 582.[15]
4. The reasonable doubt instruction violates due process. This argument has been routinely rejected. See Vann, 976 5.W.2d at 116 (Appendix); State v. Nichols, 877 S.W.2d 722, 734 (Tenn. *171 1994); State v. Bush, 942 S.W.2d 489, 504-05 (Tenn.1997).
5. The appellate review process in death penalty cases is constitutionally inadequate in that (1) the reviewing court cannot properly evaluate the proof due to the absence of written findings concerning mitigating circumstances; (2) the information relied upon for comparative review is inadequate and incomplete; (8) the methodology is flawed because the pool of cases is unduly narrow, the determination is entirely subjective, and the review fails to properly function as a safeguard. This argument has been rejected by our supreme court on numerous occasions. See Cazes, 875 S.W.2d at 270-71; State v. Harris, 839 S.W.2d 54, 77 (Tenn.1992), cert. denied, 507 U.S. 954, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993); Barber, 753 S.W.2d at 664. Moreover, the supreme court has recently held that, “while important as an additional safeguard against arbitrary or capricious sentencing, comparative proportionality review is not constitutionally required.” See State v. Bland, 958 S.W.2d 651, 663 (Tenn.1997), cert. denied, 523 U.S. 1083, 118 S.Ct. 1536, 140 L.Ed.2d 686 (1998).
Based upon the above case decisions, the appellant’s constitutional challenges to Tennessee’s death penalty statutes are rejected.
V. Proportionality Review [DELETED]
Conclusion
In accordance with the mandate of TenmCode Ann. § 39 — 13—206(c)(1) and the principles adopted in prior decisions of the Tennessee Supreme Court, we have considered the entire record in this cause and find that the sentence of death was not imposed in any arbitrary fashion, that the evidence supports, as previously discussed, the jury’s finding of the statutory aggravating circumstances, and the jury’s finding that the aggravating circumstances outweighed mitigating circumstances beyond a reasonable doubt. Tenn.Code Ann. § 39-13-206(c)(l)(A)(C). A comparative proportionality review, considering both the circumstances of the crime and the nature of the appellant, convinces us that the sentence of death is neither excessive nor disproportionate to the penalty imposed in similar cases. Likewise, we have considered the appellant’s sentencing issues raised on appeal and have determined that none have merit. Accordingly, the appellant’s sentence of death by electrocution is affirmed.[16]
CONCUR:
DAVID H. WELLES, Judge
NORMA MCGEE OGLE, Judge

. Specifically, the trial court found that it had erroneously instructed the jury upon the (i)(7) aggravator, that the murder was committed while the defendant was engaged in committing a larceny. See Tenn.Code Ann. § 39-2-203(i)(7).

. The supreme court’s review was limited to the application of the felony murder aggravating circumstance. The appellant did not cross-appeal his conviction for first degree murder.

. Prior to the re-sentencing hearing, the State filed an interlocutory appeal with this court to determine whether the State was permitted to assert a new aggravating circumstance, Tenn. Code Ann. § 39-2-203(0(6) upon remand. Under the authority of State v. Harris, 919 S.W.2d 323 (Tenn.1996), this court permitted the State to introduce proof of any aggravating circumstance which is otherwise legally valid. See State v. John David Terry, No. 01C01-9201-CR-00304, 1995 WL 382432 (Tenn.Crim.App. at Nashville, June 28, 1995), as modified, 1996 WL 417621 (Tenn.Crim.App. at Nashville, July 26, 1996).

. We note that factors (i)(2) and (i)(7) do not pertain to this case as they were not relied upon by the State. Thus, any individual claim with respect to these factors is without merit. See, e.g., Hall, 958 S.W.2d at 715; Brimmer, 876 S.W.2d at 87.

. The United States Supreme Court, acknowledging recent amendments to Section 922.10 of the Florida statutes permitting election between death by electrocution or death by lethal injection, dismissed as moot a grant of certiorari in a capital habeas corpus action to determine whether there is evidence to show that a particular method of execution, i.e., electrocution, violates the Eighth Amendment protection against cruel and unusual punishment. Bryan v. Moore, 528 U.S. 1133, 120 S.Ct. 1003, 145 L.Ed.2d 927 (2000). This ruling implies that the issue now before this court is likewise moot. See Tenn. Code Ann. § 40-23-114(c) (1998 Supp.) (election by capital defendant of death by electrocution or death by lethal injection).

. No execution date is set. Tenn.Code Ann. § 39-13~206(a)(l) provides for automatic review by the Tennessee Supreme Court upon affirmance of the death penalty. If the death sentence is upheld by the higher court on review, the supreme court will set the execution date.